OVERTON, Justice,
concurring in part, dissenting in part.
I concur with the adoption of the new proposed rules but dissent from that portion of the opinion which rejects and modifies certain proposed rules which would substantially benefit the disciplinary process. Although I dissent from the rejection of these proposals, I agree that our disciplinary process, as modified by these new rules, will be one of the best and most innovative in the nation.

Unearned Attorney’s Fees and Random Audits

I dissent from the rejection of proposed Rule 11.02(4)(d) concerning unearned attorney’s fees and Rule 11.02(4)(e) pertaining to random audits. I disagree with the majority opinion that unearned attorney’s fees are adequately covered by the present rules and believe that the proposed rule is an improvement. I recognize we have recently adopted a new trust accounting rule, but I would still modify it further to allow random audits as proposed by the special committee.

Probable Cause and Speedy Trial

I also dissent from the majority’s failure to adopt proposed Rule 11.04(3) concerning the nature of the probable cause hearing and proposed Rule 11.13(1) which provides for a speedy trial rule. The special disciplinary committee headed by former Justice Karl was created principally because our disciplinary procedures had to be “more expeditious and responsive to the needs of this day and time.” That need was also recognized by then president of The Florida Bar, Edward J. Atkins.[1] The two rejected proposed rules were -drafted to assist in expediting the disciplinary process, and I believe they should be adopted as proposed.

Immunity from Bar Discipline

I dissent from the total rejection of proposed Rule 11.12(6)(c) which implements in a more effective manner our decision in Ciravolo v. The Florida Bar, 361 So.2d 121 (Fla.1978). I believe that for the aid of the state attorneys of this state, a specific procedure should be placed in the disciplinary rules for obtaining immunity from bar discipline. To avoid judge shopping and the involvement of the entire Supreme Court, I believe the granting of immunity should be authorized only by the Chief Justice or a Justice designated by him. Whether we provide the means to grant this immunity through the entire court or through the Chief Justice alone, better administration would result from placing the procedure within our disciplinary rules and not leave it to this Court’s decision in Ciravolo v. The Florida Bar to establish that procedure.
*39 Although I have dissented from the rejection and modification of certain of the proposed rules for the reasons expressed, I believe the rules which we have adopted will substantially improve our disciplinary procedure.

. Atkins, Our Approach to Discipline Should Be Changed, 51 Fla.Bar.J. 67 (1977).